******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NILDA RIVERA *v.* PATIENT CARE
OF CONNECTICUT ET AL.
(AC 39154)

Sheldon, Bright and Harper, Js.

*Syllabus*

The plaintiff appealed to this court from the decision of the Compensation
Review Board affirming the decision of the Workers' Compensation
Commissioner, who approved the defendant employer's request to trans-
fer the plaintiff's benefit status from temporary partial disability to
permanent partial disability on the basis of a medical examination that
determined that the plaintiff had reached maximum medical improve-
ment. The plaintiff claimed that the board improperly affirmed the com-
missioner's decision because the commissioner failed to require the
defendant to prove that she had a work capacity and improperly shifted
the burden to her to prove that she did not have a work capacity. The
board rejected the plaintiff's claim, reasoning, inter alia, that a person
could reach maximum medical improvement, have a permanent partial
impairment and be temporarily totally disabled from working, all at the
same time. The board also noted that it was within the commissioner's
discretion to bifurcate the issue of temporary total disability benefits
and work capacity. On the plaintiff's appeal to this court, *held* that the
plaintiff's claim that the burden of proving that she did not have a work
capacity was improperly shifted to her was without merit; the board
noted that the defendant requested only a finding of maximum medical
improvement as to the plaintiff's right lower extremity and a change to
her disability designation from temporary partial to permanent partial,
and given that the defendant did not seek any change to the plaintiff's
incapacity benefits, the commissioner did not need to address the issue
of the plaintiff's work capacity.

Argued November 28, 2018—officially released March 5, 2019

*Procedural History*

Appeal from the decision of the Workers' Compensa-
tion Commissioner for the Sixth District dismissing the
plaintiff's claim for benefits, brought to the Compensa-
tion Review Board, which affirmed the commissioner's
decision, and the plaintiff appealed to this court.
*Affirmed.*

*Jennifer Levine*, with whom was *Harvey Levine*, for
the appellant (plaintiff).

*Eric F. King*, for the appellee (named defendant).

*Opinion*

SHELDON, J. The plaintiff, Nilda Rivera, appeals from the decision of the Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner (commissioner), in which the commissioner approved a form 36[1] filed by the defendant Patient Care of Connecticut[2] based upon a finding that the plaintiff had reached maximum medical improvement as to one of the three injuries claimed by the plaintiff and accepted by the defendant for which she had been receiving and continues to receive temporary incapacity benefits.[3] On appeal, the plaintiff claims that the board erred in affirming the commissioner's ruling because the commissioner did not require the defendant to prove that she had a work capacity and improperly shifted the burden to her to prove that she did not have a work capacity. Because the commissioner limited his finding on the defendant's form 36 to the issue of whether the plaintiff reached maximum medical improvement as to her partial disability to her right lower extremity, he did not need to address the issue of the plaintiff's work capacity. Consequently, the record does not support the plaintiff's contention that the commissioner improperly required her to prove that she lacked a work capacity. Accordingly, we affirm the decision of the board.

The following relevant facts were found by the commissioner.[4] On May 30, 2006, the plaintiff was working as a certified nursing assistant and day care instructor for the defendant, when she sustained a fracture of the third metatarsal of her right foot, which required a surgical repair. Following surgery, she has experienced significant and persistent pain as a result of her injury. As a result of her persistent pain, she has become clinically depressed. As a result of the injury to her right foot, she also has developed bursitis in her right hip. The defendant has accepted all three of these injuries. Since the date of the plaintiff's initial injury, she has received incapacity benefits.

On August 29, 2012, the defendant filed a form 36 in which it requested "transfer of benefit status from [temporary partial disability] to [permanent partial disability] based on commissioner's exam[ination] by Dr. Enzo Sella dated July 2, 2012, that places [the plaintiff] at maximum medical improvement with 6 percent impairment rating to the right lower extremity." At an informal hearing held on October 2, 2012, the commissioner approved the form 36.

On December 2, 2014, the commissioner held a formal hearing on the form 36, limited to the issue of "[w]hether the [plaintiff] has reached maximum medical improvement to [her] right lower extremity with a permanent partial disability rating of six (6) percent."[5] The commissioner issued his written finding and dismissal on March

31, 2015. The commissioner held, inter alia: "I find the opinion of Dr. Sella persuasive in that the [plaintiff] has reached maximum medical improvement of her right lower extremity with a permanent partial disability rating of 6 percent to the right lower extremity, which equates to 9 percent rating of the [plaintiff's] right foot." The plaintiff thereafter filed a motion to correct the commissioner's decision, which was denied.

The plaintiff filed a petition for review with the board, claiming that "the . . . commissioner's decision to limit the scope of the trial de novo on the form 36 approved on October 2, 2012, to the issue of maximum medical improvement and exclude the issue of work capacity constituted error . . . ."[6] The plaintiff argued that the commissioner "erred by ignoring the incapacity issue and refusing to require that the [defendant] sustain [its] burden of proof showing that . . . she . . . has a work capacity." (Internal quotation marks omitted.) The board rejected the plaintiff's claim, explaining that "[a] person may reach maximum medical improvement, have a permanent partial impairment, and be temporarily totally disabled from working all at the same time. . . . Moreover, a [plaintiff] deemed totally disabled due to one injury or condition is entitled to receive ongoing total disability benefits even if the claimant has reached maximum medical improvement for a different injury or condition." (Citations omitted; emphasis omitted; internal quotation marks omitted.) The board noted that, here, the defendant was not seeking to terminate or reduce the plaintiff's incapacity benefits. Instead, the defendant's form 36 sought a change in the designation of her right lower extremity injury from temporary partial disability to permanent partial disability based on a claim that the plaintiff had reached maximum medical improvement as to that injury. Because the defendant was not seeking to terminate or reduce the plaintiff's incapacity benefits, the board concluded that it was "well within [the commissioner's] discretion to bifurcate the issue of temporary total disability benefits and work capacity."[7] The board thus affirmed the commissioner's decision. This appeal followed.

The plaintiff claims that the board erred in affirming the commissioner's approval of the form 36 because the commissioner failed to require the defendant to prove that she had a work capacity and improperly shifted the burden to her to prove that she did not have a work capacity. We disagree.

As the board aptly noted, the defendant's form 36 requested only a finding of maximum medical improvement as to the plaintiff's right lower extremity and a change to the plaintiff's disability designation as to her right lower extremity from temporary partial to permanent partial. The defendant did not seek any change to the plaintiff's incapacity benefits. Consequently, the commissioner did not need to address the issue of the

plaintiff's work capacity. Accordingly, the plaintiff's claim that the burden of proving that she did not have a work capacity was improperly shifted to her is without merit.[8]

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] "A [f]orm 36 is a notice to the compensation commissioner and the [plaintiff] of the intention of the employer and its insurer to discontinue [or reduce] compensation payments. The filing of this notice and its approval by the commissioner are required by statute in order properly to discontinue [or reduce] payments." (Internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 320 n.1, 823 A.2d 1223 (2003); General Statutes § 31-296 (a).

[2] Zurich American Insurance Company, the defendant's workers' compensation insurance carrier, also is a defendant but is not a party to this appeal. We therefore refer to Patient Care Connecticut as the defendant.

[3] The commissioner also rejected the plaintiff's claims for injuries to her left foot and right shoulder. The plaintiff did not challenge that ruling.

[4] The plaintiff filed an extensive motion to correct the findings of the commissioner. That motion was denied by the commissioner and the denial of that motion was affirmed by the board. The board's ruling affirming the denial of the motion to correct has not been challenged on appeal.

[5] As noted herein, the commissioner also addressed the compensability of the plaintiff's claimed injuries to her left foot and right shoulder. The commissioner determined that those injuries were not related to her initial injury and therefore were not compensable.

[6] The plaintiff asserted two additional claims of error, but does not challenge the board's holdings on those issues on appeal.

[7] The board noted that the plaintiff had been receiving incapacity benefits pursuant to General Statutes § 31-308 (a), "which, by definition, contemplates a partial work capacity." The board concluded that any claim for temporary total disability benefits asserted by the plaintiff was outside the scope of the form 36.

[8] The plaintiff also claims that the "posttermination evidentiary hearing was fundamentally unfair and violated the plaintiff's due process rights." She claims that her constitutional right to due process was violated because "[t]he posttermination evidentiary hearing did not reconsider the plaintiff's work incapacity, and the defendant did not bear the burden of proving work capacity." As explained herein, the commissioner did not consider or make any ruling regarding the plaintiff's work capacity. The plaintiff thus raises a claim of procedural error that did not actually yield any error.